```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT
```

MARILYN RODRIGUEZ-WILSON,       :
      Petitioner,              :
                                        :           PRISONER
   v.                           :   CASE NO. 3:11cv353(AWT)
                                        :
MAUREEN BAIRD and                :
DR. WALSHER,                     :
      Respondents.             :

### RULING ON PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Marilyn Rodriguez-Wilson ("Rodriguez-Wilson"), an inmate confined at the Federal Correctional Institution in Danbury, Connecticut, brings this petition pursuant to 28 U.S.C. § 2241 challenging the denial of early release for completion of the residential drug abuse treatment program. For the reasons that follow, the petition is being denied.

### I.  Background

In March 2008, Rodriguez-Wilson entered a guilty plea on a charge of possession of ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1). She was sentenced to a term of imprisonment of seventy months.

In March 2010, the Bureau of Prisons ("BOP") determined that Rodriguez-Wilson was not eligible for early release upon completion of the Residential Drug Abuse Program ("RDAP") because she had been convicted under 18 U.S.C. § 922(g)(1).

### II. Discussion

Rodriguez-Wilson challenges a correctional decision regarding a prison program. Thus, she properly brings her

petition pursuant to section 2241. See Carmona v. United States Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001).

Rodriguez-Wilson argues that she was improperly denied a one-year sentence reduction for completion of the RDAP. The respondents argue that the petition should be denied. Although Rodriguez-Wilson was informed of the contents of a proper reply to the response to the petition, she has neither filed a reply nor sought additional time within which to do so.

Habeas relief is warranted when a prisoner is held in custody in violation of the United States Constitution or federal laws or treaties. See 28 U.S.C. § 2241(c)(3). Rodriguez-Wilson has identified no constitutionally protected or federally mandated right to early release. The federal statute creating the RDAP provides that early release is discretionary. See 18 U.S.C. § 3621(e)(2)(B) (providing that term of imprisonment of inmate convicted of nonviolent offense "may be reduced" by period of up to one year after successful completion of RDAP). Thus, completion of the RDAP does not automatically entitle Rodriguez-Wilson to early release. See Lopez v. Davis, 531 U.S. 230, 241 (2001) (upon completion of the RDAP, the BOP "has the authority, but not the duty, to authorize a reduction in the inmate's term of imprisonment).

Under 5 U.S.C. § 706(2)(A), a reviewing court must hold unlawful and set aside any agency action found to be arbitrary,

capricious, an abuse of discretion, or otherwise not in accordance with law. This review, however, is narrow in scope. The court should not substitute its judgment for that of the agency. Rather, the court should uphold agency action if the agency has examined the relevant data and has either set forth a satisfactory explanation including a rational connection between the facts found and the choice made or such connection may reasonably be discerned. See Karpova v. Snow, 497 F.3d 262, 267-68 (2d Cir. 2007) (citing Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983)), cert. denied, 553 U.S. 1054 (2008).

The early release qualifications for the RDAP are set forth in BOP Directive 5331.02, Early Release Procedures Under 18 U.S.C. § 3621(e). See www.bop.gov/DataSource/execute/dsPolicyLoc (last visited July 8, 2011). To be eligible for early release, an inmate must not have a current conviction for "[a]n offense involving carrying, possession or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device)." Id. at 4; see also 28 C.F.R. § 550.55(b)(5)(ii). The BOP Director also has discretion to deny early release to an inmate convicted of certain offenses. The Director has exercised that discretion to preclude early release for any inmate convicted under 18 U.S.C. § 922(g). See BOP Program Statement 5162.05, Categorization of Offenses, at 15.

The Supreme Court has approved the BOP's interpretation of the regulation and directive. In <u>Lopez v. Davis</u>, the Supreme Court upheld the constitutionality of 28 C.F.R. § 550.55 and the BOP's practice of categorically excluding inmates from eligibility for early release based on their pre-conviction conduct. <u>See</u> 530 U.S. at 244.

The BOP denied early release to Rodriguez-Wilson under the categorical exclusion; her conviction under 18 U.S.C. § 922(g) rendered her ineligible for early release consideration. <u>See</u> Resp'ts' Mem. Ex. 1, Decl. of Lori R. Cruz, ¶9. Rodriguez-Wilson has failed to show that the denial of early release for completion of the RDAP was an abuse of discretion. Accordingly, her petition must be denied.

## III. Conclusion

The petition for writ of habeas corpus [**Doc. #1**] is hereby **DENIED**. The Clerk is directed to enter judgment and close this case.

The court concludes that Rodriguez-Wilson has not shown that she was denied a constitutionally or federally protected right. Thus, any appeal from this order would not be taken in good faith and a certificate of appealability will not issue.

It is so ordered this 11th day of July 2011 at Hartford, Connecticut.

/s/AWT
Alvin W. Thompson
United States District Judge